FILED
2008 JUN 13 AM 9:32
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____KMK_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MABRY,<br><br>                     Petitioner,<br><br>          v.<br><br>L. E. SCRIBNER, Warden,<br><br>                     Respondent. | Civil No.   08-0965 BEN (LSP)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, by **August 1, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

The Petition is subject to dismissal because Petitioner has not alleged exhaustion of state court remedies. Habeas petitioners who wish to challenge either their state court conviction or

1  the length of their confinement in state prison, must first exhaust state judicial remedies. 28
2  U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state
3  judicial remedies, a California state prisoner must present the California Supreme Court with a
4  fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.
5  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state
6  court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal
7  rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995)
8  reasoned: "If state courts are to be given the opportunity to correct alleged violations of
9  prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting
10 claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example,
11 "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him
12 [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say
13 so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

14      Nowhere in the Petition does Petitioner allege that he raised his claims in the California
15 Supreme Court. In fact, he specifically indicates he did not seek review in the California courts.
16 He cites to <u>Hill v. Alaska</u>, 297 F.3d 895, 897 (9th Cir. 2002) as support for the proposition that
17 he is not obligated to exhaust because he is challenging his parole-date computation. (*See* Pet
18 at 7.) The Ninth Circuit's holding in <u>Hill</u> does not relieve a petitioner of the exhaustion
19 requirement. Rather, it merely stands for the proposition that a petition challenging a parole
20 computation is not a "successive" petition to a petitioner's habeas challenge to his conviction.
21 <u>Hill</u>, 297 F.3d at 897-98. Even when challenging parole determinations, petitioners must
22 exhaust his state court remedies with respect to his claims. The burden of proving that a claim
23 has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir.
24 1981).

25      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
26 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
27 of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
28 period shall run from the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). But see <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

      Accordingly, the Court **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **August 1, 2008**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee, or adequate proof of his inability to pay <u>and</u> (2) a First Amended Petition that alleges exhaustion of state judicial remedies. If Petitioner fails to allege exhaustion of his state remedies on or before **August 1, 2008**, he will have to begin again

1  by filing a new federal habeas petition which will be given a new civil case number.[1] The Clerk
2  of Court shall send Petitioner a blank Southern District of California amended habeas petition
3  form and a blank application to proceed in forma pauperis along with a copy of this Order.
4  **IT IS SO ORDERED.**

6  DATED: 6/12/08

Roger T. Benitez
United States District Judge

---

[1] The Court notes that a previous petition filed by Mabry was dismissed without prejudice and without leave to amend for failure to allege exhaustion. (*See* Order in Case No. 08cv0467 JM (AJB) [Doc. No. 9].