TONY MABRY

NAME
D-90450
PRISON NUMBER

CSP-CALIPATRIA P.O.BOX 5004
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CALIPATRIA, CA. 92233
CITY, STATE, ZIP CODE



**FILED**

JUL 2 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MABRY | Civil No  08-0965 BEN (LSP) |
| (FULL NAME OF PETITIONER) | (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT) |
| **PETITIONER** | HILL V ALASKA SUPRA (2002) AEDPA DOES |

v.

LARRY SMALLS
~~XXXXXXXXXXX~~ (WARDEN)

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of California, Additional Respondent.

NOT APPLY; THIS IS A PAROLE MATTER:

# FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

HILL V ALASKA, 297 F.3D 895,897
(9TH. CIR 2002) FIRST TERM CHALLENGE
TO COMPUTATION OF RELEASE DATE:

1. Name and location of the court that entered the judgment of conviction under attack: _____
   RIVERSIDE COUNTY SUPERIROR COURT:

2. Date of judgment of conviction: 4-17-91

3. Trial court case number of the judgment of conviction being challenged: CR37941


4. Length of sentence: 42 YRS 8 MONTHS:

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: __Start: 6-11-1991__
   __projected release date 12-2-2018__

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   __(PRINCIPAL-TERM/Count-4 246 PC) (Subordinate term/Cnt. 1/187__
   __PC) (Count 2/12021) ( 667 A)__

7. What was your plea? (CHECK ONE)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury         ☒
   (b) Judge only   ☐

9. Did you testify at the trial?
   ☒ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: __N/A HILL V. ALASKA SUPRA (2002)__ SEE PAGES 6 & 7 / 6 THRU 10
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): __E009598 4TH. Appell. Dist.E012595__
    (d) Names of Judges participating in case (if known)_____
    _____

    (e) Grounds raised on direct appeal: _____
         __N/A__
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): __N/A A-D__
    _____

    (d) Grounds raised: _____
    _____
    _____

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____
    _____ N/A

    (d) Grounds raised: _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number (if known): _____

    (b) Nature of proceeding: _____
    _____ N/A

    (c) Grounds raised: _____
    _____
    _____
    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____ N/A

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
☐ Yes  ☐ No

N/A

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: _____ N/A _____

    _____

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____ N/A _____

    _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes  ☐ No

    (e) Result: _____ N/A _____

    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Im challenging my "release date" under (Hill v. Alaska).SUPRA

( TERM COMPUTATION ) ( ILLEGAL COMMITMENT )

THIS IS A PAROLE MATTER ABRIDGED BY THE ENTITY/CDCR:

MORRISSEY V BREWER U.S. (1972):

(CHALLENGING THE EXECUTION OF THE SENTENCE)

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?  AMENDED
    ☐ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
       (i) What was the prior case number? _____
       (ii) Was the prior action (CHECK ONE):
          ☐ Denied on the merits?
          ☐ Dismissed for procedural reasons?     N/A     A thru C
       (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
          ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
          ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

(EXHAUSTION)

THE PETITIONERS BURDEN OF PROVING THAT A CLAIM HAS BEEN EXHAUSTED
PETITIONER SUBMITTS:

1. **ALL 5-OF PET. GROUNDS ARE TO BE CONSTRUED BY WAY OF:** HILL V ALASKA
   SUPRA (2002); 2244 EQUITABLE TOLLING DOES NOT APPLY;
   (CITE) WINTHROW V WILLIAMS SUPRA (1993);

2. PETITIONER SUBMITTS (PAROLE-MATTER) EXHAUSTION/
   ADMINISTRATIVELY-CDCR-602; TO CHALLENGE FEDERAL VIOLATIONS OF PAROLE
   MATTERS...SEE APPENDIX E-1: FEDERAL VIOLATIONS DEALING WITH PAROLE
   MATTERS **THAT HAVE ARISED AFTER** PETITIONER IS IN CUSTODY IN WHICH
   HE HAS KNOW WAY OF KNOWING THERE GOING TO OCCUR OR HAS OCCURED UNTO
   PET. KNOWLEDGE: (WHILE PETITIONER SERVING HIS DETERMINATE SENTENCE) 1.

**ALL OF PETITIONERS CLAIMS ARE TO BE CONSTRUED BY WAY OF EQUAL PROTECTION
TO LIFE & LIBERTY UNDER THE U.S. CONSTITUTION:** FOURTEENTH AMENDMENT

THE PETITIONER DID NOT SEEK REVIEW IN THE CALIF. SUPREME CRT. BECAUSE
THIS IS A (PAROLE MATTER/EXECUTION OF SENTENCE) THATS BEEN ABRIDGED
BY THE CALIFORNIA DEPT. OF CORRECTIONS & REHAB. AND NOT THE STATE CRT.

UNDER 28 U.S.C. 2254 (A) I'AM IN CUSTODY IN VIOLATION OF THE U.S.C.A.
14TH AMENDMENT; PETITIONER IS PROPERLY HERE BEFORE THIS DISTRICT COURT
ALLEGING EXHAUSTION SINCE PETITIONERS CLAIMS INVOLVES THE MANNER IN
WHICH PRISON AUTHORITIES IMPLEMENT A SENTENCE RATHER THAN. THE UNDERLYING
CONVICTION. (CITE) WINTHROW V WILLIAMS SUPRA (1993); (CITE) DOGANIERE
V UNITED STATES, 914 F.2D 165,169-70 (9TH. CIR 1990)

PETITIONER HERE PRESENTS HIS CLAIMS UNDER (CITE) HILL V ALASKA SUPRA
(2002); CHALLENGING THE CONSTITUTIONALITY OF THE EXECUTION OF SENTENCE;
**& NOT THE CONVICTION OR SENTENCE, WHICH HILL IS (NOT) A REMEDY FOR.**
FOR CASES IN WHICH AEDPA IS INAPPLICABLE, FEDERAL COURTS ARE REQUIRED
TO RESOLVE "DE NOVO" A STATE PRISONERS HABEAS CORPUS CLAIMS; (CITE)
BROWN V ALLEN, 344 U.S. 443,458,73 S. CT. 397,97 L.ED.2D469 (1953)

1.) ALL FEDERAL VIOLATIONS WERE COMMITTED WHILE CDCR EXECUTED PETITIONERS DETERMINATE SENTENCE....
   & CONTINUED ON CAUSING PETITIONERS ENTIRE TERM TO BE EXECUTED UNCONSTITUTIONALLY...

CONTINUANCE OF: EXHAUSTION

MORRISSEY V BREWER, 408 U.S. 471 (1972), CONTINUANCE OF CONFINEMENT,
PETITIONER IS IMPRISONED BASED UPON PAROLE REVOCATION PROCEDURES WHICH
DO NOT APPROACH THE MOST MINIMAL REQUIREMENTS FOR DUE PROCESS;..

PETITIONER FILED ADMINISTRATIVE REMEDY CDCR/602 (12-14-07)...SEE APPENDIX
E-1:....
NGO V WOODWARD (9TH. CIR 2005) PETITIONER HAD EXHAUSTED ALL AVAILABLE
ADMINISTRATIVE REMEDIES WHEN APPEAL WAS SCREENED OUT;
PREISER V RODRIGUEZ, 411 U.S. 475 499 6 LED 2D 439,455,93 S CT 1827;

AS PETITIONERS CDCR/602-APPEAL ALSO COVERS BURDEN THAT HIS CLAIMS HAVE
BEEN EXHAUSTED; AS PET. HERE CONTINUES TO CHALLENGE THE EXECUTION OF
HIS SENTNENCE: CARTWRIGHT V CUPP (9TH. CIR 1981); 1.

Petitioner is properly before this "Southern District Of
California" in which a sentence is being executed, the district
of confinement is the preferable forum. See Dunn v. Henman.
875 F.2d 244, 249 (9TH. cir 1989) (Stating, in 28 U.S.C. 2241
action, that the proper forum to challenge the execution of
a sentence is the distrisct where the prisoner is confined.);
Russo v. Newland, 2000 WL 194892. *1 (N.D.CAL.); accord, In
re Phelon, 2002 WL 31618536, *1 (N.D.CAL.); Thomas v. Hepburn,
2001 WL 505916, *1 (N.D.CAL.); McKnight v. Forman , 1997 WL
50267, *1 (N.D.CAL.).

FAILURE OF THIS COURT TO ALLOW PETITIONER TO ENTERTAIN THESE CLAIMS
WOULD RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTICE.(CITE) McCKLESKY
V ZANT, 113 L. ED. 2d517,111 .CT.S 1454,1470 (1991);

NOTE: ALL STATE ERRORS MENTIONED WITHIN THE SUPPORTING FACTS ARE (ONLY)
USED TO "NOT" MAKE AN BALD ASSERTION.
AS PETITIONER DESCRIBES THE FEDERAL CONSTITUTIONAL VIOLATIONS
COMMITTED BY THE PRISON OFFICIALS WHOM ARE RESPONSIBLE FOR
EXECUTING PETITIONERS SENTENCE:
PETITIONER ONLY HERE CHALLENGES THE EXECUTION OF HIS SENTENCE
& NOT THE CONVICTION.
PETITIONER INCLUDES HABEAS RULE 2(E) BEING THAT HE IS A PRO SE
PETITIONER.(LIBERAL CONSTRUED FOR PRO SE PRISONERS PLEADING) BOAG V McDOUGALL,454 U.S.364,365(1982);

1. THE STATES CORRECTIVE PROCESS IS INEFFECTIVE WHEN DEALING WITH PERSON
AL JURISDICTION/PAROLE MATTER; (CITE) DUCKWORTH V SERRANO 454 U.S.
1,3 N.2 (1981); PETITIONER HAS COLORABLE CLAIM THAT DOES MEET THE
EXCEPTIONS FOR 2254 (B) 1 (B) (1) & (2) (CITE) GRANBERRY V GREER
SUPRA, 481 AT 135;

FURTHER ARGUMENT FOR EXHAUSTION:

THE STATE CRT'S. OR SOME STATE OFFICIAL/S LED THE PETITIONER TO BELIEVE NO REMEDY
EXISTED; ABSENCE OF STATE CORRECTION PROCESS 2254 (B) 1 (B) 1 & 2. (CITE) DUCKWORTH
V SERRANO, 454 U.S. 1,3 N.2 (1981) EXCEPTION WHEN CORRECTIVE PROCESS IS SO CLEARLY
DEFICIENT AS TO RENDER FUTILE ANY EFFORT TO OBTAIN RELIEF;
(CITE) FAILURE TO EXHAUST WILL NOT BAR FEDERAL HABEAS REVIEW WHERE STATE OFFICIALS
HAVE INTERFERED WITH HABEAS PETITIONERS UNTILIZATION OF STATE REMEDIES MAYBERRY V
PETSOCK 484 U.S. 946 (1987); HERE IN PETITIONERS INSTANT CASE CDCR/LPU & STATE CRT'S.
HAVE INTERFERED WITH PET. STATE REMEDIES FOR THE PAST 6-MONTHS NOT ALLOWING PETITIONER
TO OBTAIN ALL THE NECESSARY LEGAL DOCUMENTS TO CHALLENGE THE LEGALITY OF HIS DETENTION
DEPRIVING PETITIONER OF AN ADEQUATE REMEDY TO PRESENT CLAIMS TO CRT.:

THE MULTIPLE DENIALS BY THE STATE CRT'S. FOR "LEGAL DOCUMENTS" THAT WILL ASSIST
PETITIONER IN CHALLENGING THE EXECUTION OF HIS SENTENCE CAUSED PETITIONER TO BELIEVE
(NO) STATE REMEDY EXIST...(SEE APPENDIX E 2,3,4,5)....(2) RIVERSIDE COUNTY SUP. CRT.
(12-26-2007) FORGED/NO CRT. CLERK/EX PARTE HEARING (NOT) ON 12-26-2007-DOCKET, MINUTE
ORDER TO DENY PET. ACCESS TO THE VERY DOCUMENTS PETITIONER CHALLENGES;..(3-4-5)....SEE
FOR OTHER STATE CRT. REQUEST FOR LEGAL DOCUMENTS THAT ENDED UP IN DENIALS NO
COOPERATION:

THESE DENIALS DENY PETITIONER FURTHER ACCESS TO CRT. FOR ANY TYPE OF EXHAUSTION/RELIEF
AT THE STATE LEVEL.

PRIOR TO FILING FEDERAL HABEAS CORPUS MULTIPLE STATE AGENCIES DENIED PET. ACCESS TO
THE VERY DOCUMENTS THAT ARE USED TO EXECUTE PET. SENTENCE.
(CITE) EXHAUSTION NOT REQUIRED WHENEVER IT MAY BECOME CLEAR THAT THE ALLEGED STATE
REMEDY IS NOTHING BUT A PROCEDURAL MORRAS OFFERING NO SUBSTANTIAL HOPE OF RELIEF
GRANBERRY V GREER, 481 U.S. 129,136 N.8 (1987);

CDCR/LPU & STATE CRT'S. HAVE ALL (PURPOSELY) CAUSED PETITIONERS LIBERTY INTEREST TO
BE ABRIDGED. PETITIONER CAN NOT EXSPECT ANY COOPERATION FROM THE VERY AGENCIES
RESPONSIBLE FOR HIM BEING ILLEGALLY HELD IN CUSTODY IN VIOLATION OF FEDERAL LAW 5-
8-14TH. U.S.C.A. ESPECIALLY WHEN THEIR VIOLATIONS ARE SO EGREGIOUS THEY AMOUNT TO
A MISCARRIAGE OF JUSTICE. (CITE) FRANK V MANGUM (SUPRA);

**EXTRAORDINARY CIRCUMSTANCES:** (FOR EXHAUSTION)


HENDRICKS V ZENON, 993 F.2D 664,672 (9TH. CIR 1993) REQUIRING FURTHER
STATE PROCEEDINGS WOULD KEEP PETITIONER "ON A TREADMILL" AND VIOLATE
RIGHT TO PROMPT DISPOSITION OF HIS CLAIMS;


1.) CIVIL RIGHTS VIOLATIONS PET. HAS BEEN SUBJECTED TO  WHILE SHOWING
    DUE DILIGENCE TO CHALLENGE THE EXECUTION OF SENTENCE: (EXAMPLE)
    APP: E 2,3,4,5: SAN FRANCISCO, RIVERSIDE & IMPERIAL COUNTY'S SUPERIOR
    CRT'S. (NOT) ADHERING TO/& ALLOWING (TRANSFER-ORDER TO EXPIRE) FROM
    OTHER CRT'S. VIOLATED PET. DUE PROCESS RIGHTS TO LIBERTY & EQUAL
    PROTECTION AS THEY INTERFERE WITH PET. GAINING ACCESS TO COURTS
    TO CHALLENGE THE EXECUTION OF SENTENCE. (CITE) BOUNDS V SMITH, 430
    U.S. 817,825 (1977);


A) THE MULTIPLE CDCR/CASE ANALYST THAT HAVE VIOLATED PET. CIVIL RIGHTS
    AS THEY'VE (FORGED THEIR LEGAL DOCUMENTS) EXAMPLE: CDCR CASE RECORDS
    ANALYST **PAROLED** PETITIONER TO ANOTHER PRISON BY WAY OF FORGING LEGAL
    DOCUMENTS: (SEE PRISON CASE FILE/CDC 1130 &1151-FORMS)


2. (PAROLE REVOCATION)
    PETITIONER WAS ILLEGALLY DETAINED IN CDCR/CUSTODY AS CDCR
    DELIBERATELY ABRIDGED PET. LIBERTY INTEREST WHEN. FORGING LEGAL
    DOCUMENTS TO PAROLE PET. TO ANOTHER PRISON (MORRISSEY V BREWER,
    408 U.S. 471 (1972); ALONG WITH CIVIL RIGHTS VIOLATIONS/ADDING
    SLANDER TO THEIR FORGED DOCUMENTS IN (1995/6). 1.


A) CDCR APPLIED ABSOLUTELY NO EQUAL PROTECTION TO PET. LIBERTY INTEREST
    AS CDCR CONTINUED TO CALCULATE PET. DETERMINATE TERM INTO THE CALIF.
    PAROLE SCHEME UNCONSTITUTIONALLY BEYOND (1995)-WITH
    (12-13-95/ABSTRACTS-NOT EVEN ON CRT. RECORD DUE TO BEING AJUDICATED
    FORGED OFF THE CRT.RECORD...SEE APP: A 3 & 4: FOR CRT.
    RECORD/NO 12-13-95/ABSTRACTS: NO 5-26-92/ABSTRACTS)

APPENDIX E 1-A: 6-23-08/ADMINISTRATIVE CDC-602, SHOWS PETITIONERS EXTRA
                DUE DILIGENCE ATTEMPTING TO RESOLVE EXECUTION OF SENTENCE
                ISSUES WITH PRISON OFFICIALS WHOM ONLY SEEM TO FIND
 X              AN EXCUSE TO (SCREEN OUT) MY GRIEVANCE;
                NGO V WOODFORD (9TH.CIR 2005)

IN POST CONVICTION PROCEEDINGS TO REQUIRE ALL MATERIALS IN STATE OFF-
ICIALS CONTROL THAT ARE EXCULPATORY IN THE SENSE THAT THEIR PRODUCTION ~~XXXXXXXXXXXXXXXX~~
WOULD ASSIST THE PRISONER IN ESTABLISHING THAT HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.
(CITINGS) <u>BRADY V MARYLAND</u> 373 U.S. 83 (1963); <u>UNITED STATES V BAGLEY</u>, 473 U.S. 667
674-78 (1985); <u>KYLES V WHITLEY</u>, 514 U.S. 419 (1995); ALTHOUGH PETITIONER HAS BURDEN OF PROVING
EXHAUSTION, ONCE PETITIONER UNSUCCESSFULLY MADE "GOOD FAITH EFFORT" TO SECURE RECORDS ON EXHAUSTION, DISTRICT
COURT SHOULD NOT HAVE DISMISSED PETITION WITHOUT FIRST REQUIRING STATE TO PRODUCE MISSING RECORDS <u>GRANBERRY
V GREER</u>, 481 U.S. 129 ,136 N.9 (1987); HERE THERES NO TRANSCRIPTS TO AMENDED ABSTRACTS 1992/5/99:

(CONTINUANCE OF EXTRAORDINARY CIRCUMSATNCES)

<u>1</u>. WITHOUT SPEEDIER RELEASE/IMMEDIATE DISPOSITION, PET. WILL CONTINUE
TO BE SUBJECTED TO (SLANDER) IN PET. PRISON C-FILE/1995-CDC1151 FORM
STIPULATES PETITIONER HAS A CDCR-VISITING RESTRICTION WITH A CHILD
VICTIM/1202.5;[2] SLANDERING PET. AS COMMITTING A CRIME AGAINST A MINOR,
WHEN PRISON OFFICIALS ARE VERY AWARE OF THE DANGERS INVOLVED WITH
PRISONERS WHO HAVE THOSE TYPES OF RECORDS & PET. HAS NEVER HAD THOSE
TYPE OF CHARGES; THIS MATTERS MORE CONVINCINGLY HAD CDCR CASE ANALYST
NOT INTERFERED WITH PET. ATTTAINING REQUEST FROM SAN BERNARDINO COUNTY'S
D.A.(8-15-94/[3]████████) XXXXX REQUEST IS NOT WITHIN PETITIONERS C-FILE
INDEPENDANTLY...SEE CDC112.... NOR WILL SAN BERNARDINO RESPOND TO PET.
NOTICES TO THEIR CRT. FOR RECORD ON THIS MATTER; PETITIONER DOES HAVE
FAMILY MEMBER WITH CHILD VICTIM ON RECORD (NOT) INVOLVING PET. AT ALL
& CDCR WENT AS FAR AS TO USING PERSONAL RECORDS OF FAMILY MEMBER TO
"SLANDER/ENDANGER" & TO KEEP PET. ILLEGALLY DETAINED IN CDCR-CUSTODY
BEYOND (1995). THIS PARTICULAR FAMILY MEMBER CAME TO VISIT PET. "LAST"
IN DEC. 1995, RIGHT BEFORE CDCR ILLEGALLY PAROLED PET. TO ANOTHER PRISON
IN JAN 1996.
FOR THESE REASONS SET FORTH HERE PETITIONER SATISFIES EXTRAORDINARY
CIRCUMSTANCES FOR EXHAUSTION; IN LIGHT OF STATE REMEDIES BEING FUTILE
WHEN ITS KNOWN STATE OFFICIALS/CDCR & CRT. HAVE ACTED (INCONCERT)
<u>VINDICTIVELY</u>, TO HOLD PETITIONER IN CDCR CUSTODY AGAINST FEDERAL LAW.
(CITE) <u>GRANBERRY V GREER</u>, 481 U.S. 129,131 (1977);

2.  CDCR RULES-1202.05: CDCR TITLE-15:

3. **●** SAN BERNARDINO (D.A.) "REQUEST ON OR ABOUT 8-15-94": PETITIONERS PRISON CASE FILE/CDC112 STIPULATES
"30-DAY NOTICE PER SAN BRDNO-D.A. PRIOR TO PETITIONERS RELEASE": FAMILY MEMBER
MENTIONED IN ABOVE STATEMENT, RESIDENCE IS SAN BERNARDINO IN 1994: PETITIONER HAS
REASON TO BELIEVE BESIDES CDCR FALSIFYING THEIR DOCUMENTS TO ILLEGALLY DETAIN PET.
IN 1995, THIS <u>REQUEST/SLANDER</u> ASSISTED THIER OBJECTIVE TO <u>CONTINUE PETITIONER ON
PAROLE</u>, WITH THE LEAST AMOUNT OF DUE PROCESS: <u>MORRISSEY V BREWER</u> U.S. (1972)

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.
(CITE)

(a) **GROUND ONE**: MORRISSEY V BREWER, 408 U.S. (1972) PETITIONER HAS BEEN IMPRISONED BASED UPON PAROLE REVOCATION PROCEDURES WHICH DO NOT APPROACH THE MOST MINIMAL REQUIREMENTS FOR DUE PROCESS;

**Supporting FACTS**: CDCR'S METHOD FOR REQUESTING TO THE CRT. TO SEND THEM AMENDED/ABSTRACTS & OR MINUTE ORDERS; SEE APP: C 1,2,3,: AFTER CDCR CLEARLY RECOGNIZED (JUDICIAL) ERRORS WITHIN PET. TERM THAT CANNOT BE AMENDED "SU SPONTE" ORDERS GUISED AS CLERICAL ERRORS. DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS TO LIBERTY UNDER THE U.S. 14TH. AMENDMENT. REVOKING PET. CHANCES AT BEING PAROLED AT AN EARLIER RELEASE DATE AS CDCR'S AMENDMENT ORDERS WERE BEING EXECUTED UNTO PETITIONERS KNOWLEDGE DEPRIVING HIM OF ANY CHANCE TO APPEAL THE AMENDED PORTIONS OF THE MULTIPLE UNCERTIFIED BARREN OF RECORD (ABSTRACTS) AFTER EACH TIME CDCR REQUESTED FOR THEM & RECEIVED THEM WITHOUT THEIR NOTIFICATIONS BEING PROVIDED TO THE PETITIONER.

SEE APPENDIX A 1,2 -B & D: FOR ONE & ONLY FORGED MINUTE ORDER & MULTIPLE BARREN OF RECORD ABSTRACT OF JUDGMENT DOCUMENTS RECEIVED BY CDCR UNTO PETITIONERS KNOWLEDGE:

BEING DEPRIVED OF RIGHTS TO ~~ACCURATE~~ RECORDS DOES RISE TO CONSTITUTIONAL ERROR; U.S. CONST. ARTICLE-4 & 14TH. AMENDMENT;

(CITE) ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ FORD V WAINWRIGHT, 477 U.S. (1986)

**Did you raise GROUND ONE in the California Supreme Court?**

☐ Yes ☒ No. N/A HILL V ALASKA, 297 F. 3D 895,897 (9TH. CIR 2002) SUPRA
CHALLENGE TO CALCULATION OF RELEASE DATE

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____ N/A _____

(2) Case number or citation: _____ N/A _____

(3) Result (attach a copy of the court's opinion or order if available): _____ N/A _____

ALSO SEE PAGES 6 & 7...FOR EXHAUSTION....
8, 9, 10

**(b)** **GROUND TWO:** MORRISSEY V BREWER U.S. (1972); PETITIONERS PAROLE WAS REVOKED VIOLATING PETITIONERS CONSTITUTIONAL RIGHTS TO LIBERTY UNDER THE U.S. 14TH. AMENDMENT; WHEN...

**Supporting FACTS:** PETITIONERS TERM SHOULD HAVE BEEN TERMINATED BY (10-13-95); AT THAT TIME CDCR HAD NOT BEEN SUPPLIED ALL NECESSARY LEGAL DOCUMENTS TO RECORD PETITIONERS COMMITMENT IN A TIMELY MANNER;1 AT (NO) TIME AFTER "1995" HAS CDCR BEEN SUPPLIED BY THE STATE CRT. ALL THE RELEVANT COMMITMENT DOCUMENTS TO RECORD PET. RELEASE DATE BEYOND (95); CDCR HAS ONLY AFTER THAT TIME RECEIVED MORE INVALID DOCUMENTATION/ABSTRACTS WITHOUT SETENCING TRANSCRIPTS & VALID MIN.ORDERS;2 PETITIONERS PAROLE HAS BEEN REVOKED BY CDCR WITHOUT DUE PROCESS & PET. RELEASE DATE CONTINUES TO BE CALCULATED IN ERROR WITH A VOID TERM;3 DEPRIVING PET. OF HIS RIGHTS TO LIFE AND LIBERTY UNDER THE U.S. 14TH. AMENDMENT.CDCR ILLEGALLY HOLDS PET. IN CUSTODY WITH INVALID FORGED DOCUMENTS

1. SEE APPENDIX C: 2; FOR 10-13-95/CDCR NOT GETTING COMMITMENT DOCUMENTS ON TIME;

2. SEE APP: A 1,2: APP: B 4: FOR FORGED COMMITMENT DOCUMENTS;

3. SEE APP: C 5: TO VIEW DOCUMENTS OF CDCR CALCULATING PET. TERM KNOWINGLY IN ERROR WELL AFTER (10-13-95);

PETITIONERS LIBERTY INTEREST WERE VIOLATED PRIOR TO (1995) AS PREVIOUS 5-26-92/ABSTRACTS-BARREN OF RECORD;1 WERE USED BY CDCR TO COMPUTATE PET. RELEASE DATE UNTO PET. KNOWLEDGE/APRIL 30, 1992/CDCR NOTICE TO STATE CRT.;2 THIS DEPRIVED PET. CHANCE TO TO CHALLENGE THIS MATTER ON (3-19-93/REMAND);

1. SEE APPENDIX B-1:  2. SEE APP: C-1:

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☒ No.  N/A HILL V ALASKA (9TH CIR 2002) FIRST CHALLENGE TO CALCULATION OF RELEASE DATE; SUPRA (2002)
If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): __N/A__

(2)  Case number or citation: _____N/A_____

(3)  Result (attach a copy of the court's opinion or order if available): _N/A_

ALSO SEE PAGES 6 & 7... FOR EXHAUSTION....
8, 9, 10

**(c) GROUND THREE:** MORRISSEY V BREWER U.S. (1972);

WERE PETITIONERS LIBERTY INTEREST ABRIDGED UNDER THE U.S. 14TH. AMENDMENT WHEN ???CDCR HELD PET. WITH FORGED DOCUMENTS & GRANTED JURISDICTION ?

**Supporting FACTS:** AFTER CDCR'S (10-13-95) NOTICE TO THE STATE CRT. OF (NOT) GETTING PET. LEGAL DOCUMENTS ON TIME TO RECORD PET. COMMIT. CDCR EXCEPTED FURTHER INCOMPLETE BARREN OF RECORD (12-13-95/ABSTRACTS) (CITE) ROGERS V MAGIO, SUPRA 714 F2D AT 37; ABSENCE OF RECORD FOR REASON OF SENTENCE;1 THE STATE CRT. REDUCED PET. ISL-TERM ON 95/ABS TRACTS-15-TO-LIFE) ONLY TO GUISE ANOTHER JUDICIAL ERROR AS A CLERICAL ERROR & CDCR ~~ADDRESSIN~~ *abridged* THIS VIOLATION AS CDCR ALLOWED THE 95/ABSTRACTS TO LAY DORMANT IN PET. PRISON CASE FILE FOR 4YRS.(CITE) WITT V VENTOULO 511 U.S. 1032 (1994) DUE PROCESS CLAUSE PREVENTED THE STATE CRT. FROM IMPOSING LIFE SENTENCE YRS. AFTER CRT. REDUCED SENTENCE IN VIOLATION OF STATE LAW;2 CDCR ALLOWING *MOTION,* (JURISDICTION) *STATE COURT,* OF PET. CASE UNTO HIS KNOWLEDGE OR CONSENT ABRIDGED PETITIONERS LIBERTY INTEREST. (CITE) MORRISSEY V BREWER; HILL V ALASKA; PREISER V RODRIGUEZ,411 U.S. 475, 499 6 LED 2D 439,455, 93 S CT 1827 (1973);3 RESULTING IN 12-9-99 FOR-GED MINUTE ORDER TO TRY & ESTABLISH THE REFILING OF PET. 667-CHARGE UNDER PEN.C 999; AS THE RECORD IS BARREN OF THIS PC-999 IN (99) OTHER THEN 12-9-99/MINUTE ORDER;4 NOR IS THERE PREVIOUS RECORD OF PC-999; (CITE) LOFTON V PROCUNIER,487,436 (9TH.CIR 1973)THE RECORD IS BARREN OF PROOF ON DISPUTED MATTER;AS 95/AOJ-15-TO LIFE IS GUISE FOR CORR. IN 12-9-99;

1. SEE APPENDIX C 2: COMMITMENT DOCUMENTS NOT SUPPLIED TO CDCR;

3. SEE APP: A-3, FOR JURISDICTION CHANGE; APP: B-4, 95/ABSTRACTS;

4. SEE APP: A-1, FOR 12-9-99/MINUTE ORDER DISPLAYING PC-999;

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☒ No. N/A HILL V ALASKA (9TH. CIR 2002) FIRST CHALLENGE TO
If yes, answer the following:          RELEASE DATE;SUPRA (2002)

(1)  Nature of proceeding (i.e., petition for review, habeas petition): ___N/A___

(2)  Case number or citation: ____N/A____

(3)  Result (attach a copy of the court's opinion or order if available): __N/A__

(c) **GROUND ████: FOUR**: Is this scheme unconstitutional when (CDCR)
violates their _own_ term computation policy when
rearranging the terms recorded on the commitment documents
? ? ? ?

**Supporting FACTS:**

(CDCR) computated petitioners term in a manner that should (NOT) have
proceeded his release-date beyond the original principal term of 7-yrs. **1**

(CDCR'S) _own_ realignment of pet. term/computation, [3] after admitting to
(NOT) being able to process pet. commitment documents on time, [2] allows
for (CDCR'S) continued computation of petitioners _entire_-terms in error,
despite the in-admissibility due to "time-constraints":HERE CDCR AIDES
THE STATE CRT. (AGAIN) FROM BEING RESPONSIBLEFOR CORRECTING ERRORS AS
(CDCR TAKES THE MATTER & RESENTENCE PET. IN VIOLATION OF HIS DUE
PROCESS RIGHTS.(CITE) <u>MORRISSEY V BREWER 408 US (1972)</u>;

**1"** See Appendix: "B-1" & "D-3": for petitioners 7 yr. term...

**2"** See app: "C-2"...For CDCR'S admittance of not being able to record pet.
commitment documents on time....

**3"** See app: "C-4 & 5"...To view CDCR'S realignment of petitioners term-
computation....

Upon a prisoners commitment, (CDCR) case analyst must compute pet.
term by way of Abstract Of Judgment documents as well as sentencing
transcripts: **4** (Computating term by way of (OPINION/s) is UN-
constitutional): SEE PETITIONERS PRISON CASE FILE FOR
1992 & 1994 - OPINIONS - USED TO COMPUTATE PET. TERM....
(cite) <u>JENNINGS V RAGEN</u> SUPRA 358 US at 277
(CDCR) must (NOT) change the term recorded on the Abstract of Judgment: **4**
**4"** PER DOM (CDCR):

**Did you raise <u>GROUND THREE</u> in the <u>California Supreme Court</u>?**

☐ Yes ☒ No. N/A <u>HILL V. ALASKA</u> (9TH Cir 2002) First challenge
To term-computation & release date:
If yes, answer the following: <u>HILL V ALASKA SUPRA</u> (2002)

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):
ALSO SEE PAGES 6 & 7...FOR EXHAUSTION:

**(c) GROUND ████ FIVE ████:** Was petitioner illegally committed into CDCR & term computed in error by way of "NON-legally" invalid "Abstract Of Judgment" documents ??? (FORGERIES) ????

**Supporting FACTS:** (6-6-91/AOJ) documents have no red filing stamps on either form that were used to commit petitioner into (CDCR) (6-11-91). The form recording the indeterminate-sentence is (NOT) an actual "1213.5 CR 292/document. This same invalid doc-ment was used again (May 26, 1992) & CDCR excepted both May 26, 1992/AOJ documents & re-computated petitioners term without a minute order & sentencing transcripts, to verify the validity of the 1992/AOJ'S.[1] CDCR ILLEGALLY HOLDS PET. WITH FALSE DOCUMENTS: Not one set of AOJ-documents that have ever been used to hold pet. in CDCR, have (ALL) the red-filing stamps/written signat-ures/filing date stamp in upper right corner/stamp signature of name, on the entirety of anyone of the AOJ'S being used by CDCR, to hold petitioner in their custody.[2] See app. A, B & D

[1] See appendix D-1, 2, 3: For both invalid NON 1213.5 forms & invalid/6-6-91/DSL 290 form: See app.[1] B-1: For invalid 5-26-92 DSL 290-form, no red filing stamps, that accompanied the invalid/NON 1213.5/5-26-92 form; (ALL) having conflicting signatures & dates of signing witnessing parties.

[1] See prison case file/CDC112, to see term recomputated 7-21-92 by way of invalid (5-26-92) AOJ-documents....

5-8-14TH. U.S.C.A.

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☒ No. N/A   HILL v. ALASKA (9TH Cir 2002): First challenge
If yes, answer the following. to term computation & release date: SUPRA (2002)

(1)  Nature of proceeding (i.e., petition for review, habeas petition): _____N/A_____

(2)  Case number or citation: _____N/A_____

(3)  Result (attach a copy of the court's opinion or order if available): _____N/A_____

ALSO SEE PAGES 6 & 7...FOR EXHAUSTION:

## COGNIZABLE FEDERABLE CLAIMS

GROUND ONE:

(WHEN CDCR'S METHOD) FOR ATTAINING MULTIPLE JUDICIALLY AMENDED SENTENCING
DOCUMENTS TO STOP & START THE EXECUTION OF PET. TERM UNTO PETITIONERS
KNOWLEDGE DENIED EXCULPATORY PUBLIC RECORDS OF TERM BEING JUDICIALLY
AMENDED UNTO PETITIONERS KNOWLEDGE; (CITE) PETITIONER HAS A FEDERAL
COMMON LAW RIGHT TO SERVE OUT THE EXECUTION OF HIS TERM
UNINTERUPTED-WINTHROW V WILLIAMS SUPRA (1993);
U.S. CONSTITUTION ARTICLE 4; & 5, 14TH. AMENDMENT:

GROUND TWO:   RESULTS OF PET. (NOT) BEING NOTIFIED OF AMENDMENTS:

(5-26-92/ABSTRACTS) EXECUTION OF TERM RECALCULATED BY (CDCR) UNTO PET.
KNOWLEDGE DEPRIVED PETITIONER OF HIS 14TH. AMENDMENT DUE PROCESS RIGHTS
TO CHALLENGE THE AMENDMENT HERE IN (1992); AS CDCR USED AGAIN BARREN
OF RECORD FORGED COMMITMENT DOCUMENTS TO EXECUTE PET. TERM IN ERROR.
(CITE) GARLOTTE V FORDICE, 515 U.S. 39,44,47 (1995)

FOR THE RECORD: PET. 1993 & 1994-ABSTRACTS WERE RECEIVED BY CDCR BARREN
              OF RECORD:

AT THIS TIME (10-13-95) THE EXECUTION OF PETITIONERS TERM SHOULD HAVE
BEEN TERMINATED.
CDCR ADMITTS TO (NOT) HAVING LEGAL DOCUMENTS ON TIME TO RECORD PET.
COMMITMENT. CDCR POINTING OUT ERRORS WITHIN PET. TERM AT THIS TIME IN/95
CLARIFY'S THE FACT OF CDCR'S KNOWLEDGE OF ILLEGALLY HOLDING PET. IN
THEIR CUSTODY ON AN UNAUTHORIZED TERM WITHOUT DUE PROCESS & WITHOUT
VALID DOCUMENTATION TO CONTINUE TO RECORD & ALLOW THE PET. TO SERVE
OUT THE EXECUTION OF A SENTENCE ON A VOID TERM: UNCONSTITUTIONALLY.
(CITE) MORRISSEY V BREWER US (1972)

GROUND THREE

AFTER CDCR NOT HAVING COMMITMENT DOCUMENTS TO IMPLEMENT PETITIONERS
PAROLE DATE CDCR EXCEPTS (12-13-95/IN ERROR ABSTRACTS) & CDCR FALSIFIES
THEIR OWN DOCUMENTS (LPU-TRANSMITTAL NOTICE/CDC1130-FORM-SEE PRISON
CASE FILE) TO FALSELY CLARIFY THEIR REASON FOR EXCEPTING (95/ABSTRACTS);
VIOLATING PET. DUE PROCESS RIGHTS TO EQUAL PROTECTION TO LIFE & LIBERTY
UNDER THE U.S. 14TH. AMENDMENT. (CITE) MORRISSEY V BREWER US (1972);

CONSTITUTIONAL LAW: 14TH. AMENDMENT DOES NOT GUARANTEE STATE PRISONERS
PARTICULAR METHOD OF CALCULATING PRISON SENTENCES, BUT WHEN STATE ITSELF
CREATES STATUTORY RIGHT TO RELEASE FROM PRISON, STATE ALSO CREATES
LIBERTY INTEREST AND MUST FOLLOW MINIMUM DUE PROCESS APPROPIATE TO
CIRCUMSTANCES TO INSURE THAT LIBERTY IS NOT ARBITRARILY ABROGATED;
U.S.CONST. 5,14TH.

HERE: PETITIONERS "MENTION" OF STATE ERRORS WITHIN ANY SUPPORTING
      ARGUMENTS, EXAMPLE:GUISE OF CLERICAL ERROR & ESTABLISH THE REFILING
      OF 667-CHARGE; IS ONLY TO KEEP FROM MAKING A BALD ASSERTION IN
      THE ARGUMENT/S (OR OTHER ARGUMENTS AS WELL) AGAINST (CDCR'S ERRORS
      RISING TO FEDERAL VIOLATIONS)

CONTINUANCE OF: COGNIZABLE FEDERAL CLAIMS: GROUND 3,4,5:

FURTHER RESULTS BARREN OF RECORD AMENDED UNTO PETITIONERS KNOWLEDGE
(12-9-99/(ONE & ONLY) MINUTE ORDER TO ANY OF THE ABSTRACTS) &
THE-12-15-99/ABSTRACTS) THE CURRENT COMMITMENT DOCUMENTS CDCR USE'S
TO EXECUTE PET. TERM UNCONSTITUTIONALLY:

SUMMARY OF TOTAL RESULTS: THE AMOUNT OF TIMES (CDCR) HAS VIOLATED
PETITIONERS DUE PROCESS RIGHTS (UNDER THE FOURTEENTH AMENDMENT) EVIDENCED
BY THE MULTIPLE NOTICES FROM (CDCR) TO THE CRT. UNPROVIDED TO THE
PETITIONER & THE AMOUNT OF UNCERTIFIED BARREN OF RECORD ABSTRACTS
ACCEPTED BY CDCR FROM THOSE (NOTICES) TO THE CRT. & (CDCR FALSIFYING
THEIR OWN DOCUMENTS) & (CDCR-MOTION-TO CORRECT 95/ABSTRACT) RESULTING
IN CDCR GRANTING JURISDICTION CHANGE TO COMMITTING CRT. OF PET. CASE,
CAUSED PET. TERM TO BE EXECUTED UNCONSTITUTIONALLY FOR HIS ENTIRE TIME
OF INCARCERATION NOT ONLY RISING TO COGNIZABLE FEDERAL CLAIMS BUT ALSO
TO THE DEGREE OF A MANIFEST MISCARRIAGE OF JUSTICE (CREATED & CARRRIED
OUT BY CDCR). (CITE) FRANK MANGUM, U.S. 237 AT
326,327,328,330,331,335,345;

SEE APP: A-3: FOR REQUEST OF JURISDICTION CHANGE TO RIVERSIDE COUNTY:

GROUND FOUR

AS CDCR KNOWINGLY CALCULATES PETITIONERS RELEASE DATE WITH UNAUTHORIZED
TERM (CDC RRESENTENCE) PETITIONER ON THEIR OWN AUTHORITY VIOLATING PET.
FEDERAL DUE PROCESS RIGHTS. ON THIS SPECIFIC MATTER OF ILLEGAL-RESENTENCE
CDCR VIOLATING THEIR OWN POLICY. WAS DUE TO RECOGNIZING ANOTHER ERROR
IN PET. TERM THAT CDCR NEVER INQUIRED TO THE CRT. ABOUT THIS PARTICULAR
ERROR...SEE APP: C-4 & 5....
THIS IS ALL DONE WHILE CDCR EXECUTES PET. PAROLE DATE BY WAY OF
INACCURATE (APP.-OPINIONS). (CITE) JENNINGS V RAGEN, SUPRA 358 US AT
277;

GROUND FIVE

ALL ABSTRACTS OF JUDGMENTS THAT (CDCR) HAS EVER EXCEPTED TO EXECUTE
PETITIONERS TERM/COMPUTATE RELEASE DATE ARE FORGED (NO-SENTENCING
TRANSCRIPTS/MINUTE ORDERS) ARE BARREN OF RECORD UNCERTIFIED COMMITMENT
DOCUMENTS. (CITE) ROGERS V MAGIO, SUPRA 714 F2D AT 37; LOFTON V
PROCUNIER, 436,487 (9TH. CIR 1973)
(CITE) TOWNSEND V SAIN, (1963) 372 US 293, 9 L ED 2D 770,83 S CT 1715;
(CITE) KEENEY V TAMAYO-REYES, 504 U.S. AT 12 (1992) SUPRA;

CONSTITUTIONAL LAW: ADEQUATE OR DUE PROCESS DEPENDS UPON NATURE OF
INTEREST AFFECTED; THE MORE IMPORTANT INTEREST AND GREATER EFFECT OF
ITS IMPAIRMENT, THE GREATER PROCEDURAL SAFEGAURDS STATE MUST PROVIDE
TO SATISFY DUE PROCESS; U.S.CONST. 5,14TH. WITHIN PETITIONERS CASE HERE:
THERES BEEN ZERO SAFEGAURDS PROVIDED TO THE PETITIONER BY CDCR FOR 18YRS.
(UNCONSTITUTIONAL SENTENCING OF AN INDIVIDUAL IN ABSENTIA...IS A STRUCTURAL ERROR AND...CANNOT BE AFFIRMED
ON THE BASIS OF HARMLESS ERROR) HAYS V ARAVE,977 F.2D 475, 479 (9TH. CIR 1992); IN WHICH HAPPEN TO PETITIONER
ON 5-26-92/ABSTRACTS, 12-13-95/ABSTRACTS & 12-9-99/12-15-99/ABSTRACTS, WHERE PETITIONER WAS ABSENT NOR
INFORMED OF JUDICIAL AMENDMENTS:

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☐ Yes ☐ No

N/A

24. If your answer to #23 is "Yes," give the following information:

   (a) Name of Court: _____

   (b) Case Number: _____

   (c) Date action filed: _____

   (d) Nature of proceeding: _____

   _____

   (e) Name(s) of judges (if known): N/A

   (f) Grounds raised: _____

   _____

   _____

   _____

   (g) Did you receive an evidentiary hearing on your petition, application or motion?

   ☐ Yes ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing: _____

   _____

   (b) At arraignment and plea: _____

   _____

   (c) At trial: N/A

   (d) At sentencing: _____

   (e) On appeal: _____

   (f) In any post-conviction proceeding: _____

   (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

   _____

CIV 68 (Rev. Jan. 2006)

- 18 -

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☐ No

N|A

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☐ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:
_____

   (b) Give date and length of the future sentence: _____N|A_____
_____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☐ No

N|A

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)                                                                                                          cv

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
*JULY 27, 2008*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*7-27-08*                          *Tony MaBey*
_____        _____
(DATE)                          SIGNATURE OF PETITIONER

( PRAYER FOR RELIEF )

1. Petitioner "PRAYS" that this Honorable-Court grant him relief from being illegally confined.

2. Petitioner request that it be (notarized) that he's been illegally committed into & confined by the "Department Of Corrections-CDCR".

3. Petitioner "PRAYS" that this Honorable Court "specify" all civil-rights violations that were committed against him.

4. Petitioner "PRAYS" that this court "specifies" that CDCR has been calculating his term in error with unverified documents.

Respectfully Submitted: *TONY MABEY*
*7-27-08*

CIV 68 (Rev. Jan. 2006)

-20-

cv

( A P P E N D I X – A : )


APPENDIX–A: 1–THRU–4:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4100 Main St.
Riverside, CA  92501


People of the State of California
Vs.
TONY MABRY                                    Case No. CR37941


MINUTE ORDER

===========================================================================
Motion Set For CORRECTION OF ABSTRACT
 Date:.12/09/99      Time:   8:30 am    Dept/Div: 51
===========================================================================
Charges:  1) 187 PC-F C, 2) 12021 PC-F C, 4) 246 PC-F C, 999) 667 PC-F T

---------------------------------------------------------------------------
Honorable J. THOMPSON HANKS Presiding.
Clerk: S RUIZ
Court Reporter: B LANE
People Represented By J.RUIZ, DDA.
Defendant Represented By CDP-J. AQUILINA.
Defendant is Not Present.
At  8:50, the following proceedings were held:
Motion By Dept of Corrections Regarding Correction of Abstract
is called for hearing.
Upon review of minute order of sentencing and
abstract
Counsel Stipulate: Minute order is correct.
Counsel Stipulate: Abstract in incorrect..
Counsel Stipulate: Count 1 on abstract should read 25 years to
life
Motion Granted.
The Court orders Abstract corrected.
Defendant No Longer in custody for the reason: In custody of
Calif. Dept of Corrections.
 **MINUTE ORDER OF COURT PROCEEDING**

                                              Dispo



Each document to which this certificate
is attached is certified to be a full,
true and correct copy of the original
on file and of record in my office

ARTHUR A. SIMS, CLERK
Superior Court of California
County of Riverside

DEC 1 5 1999

00 MAR 15 PM 3: 15
RECEIVED
CSP-L.A. COUNTY
RECORDS OFFICE

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF ___RIVERSIDE___

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 15 1999

COURT (I.D.)
3 3 1 0 0

BRANCH OR JUDICIAL DISTRICT: ___SUPERIOR___

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: TONY MABRY

AKA:

☒ PRESENT      CR37941     - A
☐ NOT PRESENT             - B
                          - C

COMMITMENT TO STATE PRISON     AMENDED        - D
ABSTRACT OF JUDGMENT     ABSTRACT ☒ 5TH       - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 031993 | 62 | ROBERT D MACOMBER | A HATTON |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| G BREWER | J RUIZ | CDP-J AQUILINA | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☒☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT 1 DSL290 (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | BY JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | 1ST MURDER | 90 | 04 | 17 | 91 | X | | | | X | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 | 5 | | | | | | | | | 5 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667 | 5 | | | | | | | | | 5 |

4. Defendant was sentenced to State Prison for an indeterminate term:

A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____
C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts _____
D. ☒ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts ___1___
E. ☐ For other term prescribed by law on counts _____ (Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served ☐ consecutive to ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

(Use an additional page if necessary.)

7. ☒ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:

A. ☐ AT INITIAL SENTENCING HEARING
B. ☒☒ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

| 9. DATE OF SENTENCE PRONOUNCED (MO) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 031993 | 1356 | INCLUDING: | | 904 | -452 | ☐ DMH  ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH

☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA
☐ CHINO
☐ OTHER (SPECIFY)

☐ CCWF—CHOWCHILLA
☐ SAN QUENTIN

☒ CALIF. INSTITUTIONS FOR MEN—CHINO
☐ R.J. DONAVAN

☐ DEUEL VOC. INST.

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE _____  DATE _____

CLERK OF THE COURT

App: A - 2

121599

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California Effective January 1, 1993

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
CR 292

Pen. C. § 1213.5

RECEIVED
P L A COUNTY
RECORDS OFFICE
MAR 15 PM 3: 15



# Actions



**Home**     Def. Status     Def. Info     Charges     **Actions**     **Minutes**     Probation
**Case Report**     Fine Info

Open Quick Search

**Defendant**   1 - MABRY, TONY   ▨ Of 2

## Case CR37941 Defendant 5229 , MABRY TONY

Move To This Date

## Related Cases On Calendar

| This Defendant Does Not Have Any Other Cases With Future Hearings Scheduled. |
| --- |

## Actions On Case

| Action Date | Action Text | Disposition | Hearing Type |
| --- | --- | --- | --- |
| 12/26/2007 8:30 AM DEPT. 63 | EX PARTE HEARING RE: VERIFICATION CCP446 & 201.5 - Minutes | DISPOSED | |
| 12/16/2007 2:05 PM DEPT. 63 | CORRESPONDENCE FROM DEFENDANT CCPSEC 446 & 201.5 FILED. | | |
| 07/17/2000 | CRIMINAL EXHIBITS DESTROYED 07/13/00 (REFER TO ED) | | |
| 12/15/1999 | FILED: 5TH AMENDED ABSTRACT OF JUDGMENT - LIFE | | |
| 12/15/1999 | FILED: 5TH AMENDED ABSTRACT OF JUDGMENT. | | |
| 12/15/1999 | CERT.CPY OF MINUTE ORDER ABSTRACT OF JUDGMENT DATED: 12/09/1999 SENT TO DOC ( KSTAF).(REFER TO CCSD) | | |
| 12/09/1999 8:30 AM DEPT. 51 | MOTION SET FOR CORRECTION OF ABSTRACT - Minutes | DISPOSED | |
| 12/02/1999 | CHANGE COURT OF JURISDICTION TO RI | | |
| 11/18/1999 | REC'D LTR FROM DOC DATED: 11/12/1999 TO DEPT. 51. | | |
| 06/07/1999 | ORDER FOR PETITION FOR WRIT OF HABEAS CORPUS IS DENIED ; J. THOMPSON HANKS | | |
| 06/03/1999 | PETITION FOR WRIT OF HABEAS CORPUS FILED | | |
| 12/16/1997 | EXHIBITS DESTROYED | | |
| 11/19/1997 | CRIMINAL EXHIBITS DESTROYED 111397 (REFER TO ED) | | |
| 03/25/1997 | NOTICE OF DESTRUCTION OF | | |

A-3

|  | EXHIBITS/DEPOSITIONS FILED. |  |  |
|---|---|---|---|
| 08/02/1994 | COPIES SENT TO CDC/DJD |  |  |
| 07/13/1994 | FILED: AMENDED ABSTRACT OF JUDGMENT |  |  |
| 07/01/1994 | FILED: REMITTITUR-OPINION-AFFIRMED/REMAND TO CORRECT ABST |  |  |
| 07/27/1993 | FILED: CLKS TRANS CERT & FWD TO CRT |  |  |
| 07/26/1993 | FILED: ORDER TO AUGMENT/CLAYTON SEAMAN |  |  |
| 07/21/1993 | FILED: ORDER TO AUGMENT/HANDY HORIYE |  |  |
| 06/29/1993 | FILED: RPTRS/CLKS TRANS CERT & FWD TO CRT |  |  |
| 06/25/1993 | FILED: REPORTERS TRANS OF ORAL PROCEEDINGS |  |  |
| 05/14/1993 | FILED: AMENDED ABSTRACT OF JUDGMENT/INDETERMINATE |  |  |
| 05/14/1993 | FILED: AMENDED ABSTRACT OF JUDGMENT/PRISON COMMITMENT |  |  |
| 04/13/1993 | FILED: NOTIFIC OF FILING NTC OF APPEAL |  |  |
| 04/13/1993 | FILED: NTC TO PREPARE TRANS ON APPEAL |  |  |
| 03/26/1993 | FILED: NTC OF APPEAL/EO12595 |  |  |
| 03/19/1993 10:00 AM DEPT. 62 | HEARING ON REMITTITUR (REFER TO HR) - Minutes | DISPOSED |  |
| 02/26/1993 1:30 PM DEPT. 62 | HEARING ON REMITTITUR (REFER TO HR) - Minutes | DISPOSED |  |
| 01/29/1993 | FILED: RECD/ORDER FOR TRANSPORTATION(HG: 2/26/93). |  |  |
| 01/28/1993 | FILED: RECD/LTR FROM DA FOR DEFT TO APPEAR (HG:2/26/93) |  |  |
| 01/06/1993 | FILED: REMITITUR: OPINION AFFIRMED&RESENTENCE |  |  |
| 03/11/1992 | FILED: BENCH WARRANT CLEARED BY ARREST FOR WITNESS 4-8-91 |  |  |
| 03/04/1992 8:30 AM DEPT. 62 | MOTION F/P RE: B/WARRANT ARR OF WITNESS GWENDOLYN TILLSON - Minutes | DISPOSED |  |
| 11/25/1991 | FILED: RECPT FR AG |  |  |
| 11/14/1991 | FILED: SUPPLEMENT REPTS TO CT. OF APPEAL |  |  |
| 10/23/1991 | FILED: SUPPLEMENT NTC TO PREP.TRANS.ON APPEAL |  |  |
| 09/18/1991 | FILED: ORD./R. CLAYTON SEAMAN TO REP.DEFT. |  |  |
| 08/30/1991 | FILED: REPORTERS TRANSCRIPT OF ORAL PROCEEDINGS |  |  |
| 08/29/1991 | FILED: CLKS/REPTS TRANS.TO CT. OF APPEAL |  |  |
| 08/22/1991 | FILED: 2ND AMENDED NTC.TO PREP.TRANS.ON APPEAL |  |  |
| 07/31/1991 | FILED: AMENDED NTC TO PREP. TRANS. ON APPEAL |  |  |
| 06/07/1991 | FILED: NOTIFICATION OF FILING NTC. OF APPEAL |  |  |
| 06/07/1991 | FILED: NOTICE TO PREP. TRANS.ON APPEAL |  |  |
|  |  |  |  |

A-4

( A P P E N D I X - E : )


APPENDIX E: ONE-1A-THRU-5:

RECEIVED CAL APPEALS DEC 21 2007

**INMATE/PAROLEE**
**APPEAL FORM** RECEIVED CAL APPEALS FEB 13 2008
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. CAL | | B 07 02 30 5 | 6 |
| 2. | | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MABRY, TONY | D-90450 | -------------------------- | B4-138 |

A. Describe Problem: I'am illegally committed into CDC due the many fraudulent Abstract Of Judgements within my C-File...See Case file.... 1991/2/3/4/5/99)The current DSL-290 has to be in question when the proof of altering can be determined...My Due Process Rights have been violated under the 8TH. & 14TH. Amendment. I can not be held to wait for redress without due process WHERE there's A liberty issue.

If you need more space, attach one additional sheet.

B. Action Requested: I;am ordering that you order A recall of my commitment immediately & order me to the custody of Riverside County. Under title-15 section 3076 (B) (1) & (2)..My civil & constitutional rights have & continue to be violated without due process

Inmate/Parolee Signature: *Tony Mabry*     Date Submitted: 12-14-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

RECEIVED CAL APPEALS DEC 21 2007

CSP-CAL BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

California State Prison RECEIVED
DEC 19 2007
INMATE RECORDS

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

SCREENED OUT  FEB 15 2008
U.S.C.A 5  6  8  14              APPLE      CAL      B 07 02 30 5
42 U.S.C.A  1983                - ONE -

RECEIVED CAL APPEALS JUN 25 2008

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | 6 |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MABRY, T | D-96450 | — — — | 84-158 |

**A. Describe Problem:** I am being illegally detained in violation of my FEDERAL DUE PROCESS RIGHTS To liberty. AS IM IN CDCR/CSP-CALIPATRIA BY WAY OF INVALID EXECUTION OF SENTENCE. CONTINUANCE OF CONFINEMENT BEYOND A SENTENCE/RELEASE DATE/PAROLE - THAT HAS RUN OUT ITS VIOLATING MY CIVIL RIGHTS. HILL V ALASKA SUPRA (2002) MORRISSEY V BREWER U.S. (1972)
SEE CONTINUANCE PAGE - 2          5-6-8-14TH. U.S.C.A.

If you need more space, attach one additional sheet.

**B. Action Requested:** I REQUEST TO BE RELEASED IMMEDIATELY FROM BEING ILLEGALLY DETAINED.
PREISER V RODRIGUEZ U.S.

Inmate/Parolee Signature: _Tony Mabry_          Date Submitted: 6-23-08

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

JUN 10 2008
SCREENED OUT

APP: E-1 "A"

5-6-8-14TH. U.S. CA
42-U.S.C. 1983
BILL OF RIGHTS

1-of-2

RECEIVED CAL APPEALS JUN 25 2008

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4100 Main St.
Riverside, CA  92501


People of the State of California
                    Vs.                          CASE NO.   CR37941
            TONY MABRY

                        MINUTE ORDER

=====================================================================
 Ex Parte Hearing Re: VERIFICATION CCP446 & 201.5
 Date:.12/26/07       Time:   8:30 am     Dept/Div: 63
=====================================================================
 Charges:  1) 187 PC-F C, 2) 12021 PC-F C, 4) 246 PC-F C, 999) 667 PC-F T


-------------------------------------------------------------------

Honorable Judge Michele D. Levine Presiding.
Courtroom Assistant: I. Monaco
Court Reporter: None.
Defendant is Not Present.
Court has read and considered VERIFICATION DATED 12/6/07 FROM
DEFENDANT.
CCP 446 & 201.58 U.S.C. SECTION 1746
Motion Denied.
Remains remanded to the Division of Adult Institutions.
COPY OF THIS ORDER FORWARDED TO THE DEFENDANT
 **MINUTE ORDER OF COURT PROCEEDING**

                                          Dispo

E-2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
ENDORSED

MAR 2 8 2008

By_____
MARISA DIXON
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

In re                                    No. 08F01114    Dept. 15

Tony Mabry,                              ORDER TRANSFERRING

On Habeas Corpus.                        PETITION

_____

   The petition for writ of habeas corpus, filed in this court

on February 4, 2008, by Tony Mabry alleges that officials at

Calipatria State Prison have failed to comply with his request

for documents related to his case. Good cause appearing,

   IT IS HEREBY ORDERED that the petition is transferred to

the court of the county where petitioner is incarcerated, the

Superior Court in and for the County of Imperials, pursuant to

Rule 4.552(b) of the California Rules of Court and *Griggs v.*

*Superior Court* (1976) 16 Cal.3d 341.

DATED: 3|28|08                    **JUDGE HELENA R. GWEON**

                                 HONORABLE HELENA R. GWEON
                                 JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAILING ATTACHED.

E-3

**F I L E D**
San Francisco County Superior Court

MAY. 2 7 2008

GORDON PARK-LI, Clerk
BY: _____
                                    Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE CITY AND COUNTY OF SAN FRANCISCO**
Department No. 22

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ) | WRIT NUMBER 5756 |
| ) | |
| Tony MABRY ) | <u>ORDER</u> |
| Petitioner, ) | |
| ) | |
| FOR A WRIT HABEAS CORPUS ) | |

Tony Mabry ["Petitioner"] has filed a petition for writ of habeas corpus in San Francisco Superior Court requesting documents in Riverside County Superior Court Case Number CR-37941.

Because this Court does not possess the records Petitioner requests, it transfers the petition to Riverside County Superior Court, the county of conviction.  (*In re Roberts* (2005) 36 Cal.4th 575, 583-85, as mod.)  It is so ordered.

5/9/08
_____
Date

_____
Judge of the Superior Court

1

E-4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | | |
|---|---|---|---|---|
| DATE/TIME | : JUNE 30, 2008 | DEPT. NO | : | 15 |
| JUDGE | : HELENA R. GWEON | CLERK | : | P. MERCADO |
| REPORTER | : N/A | BAILIFF | : | N/A |

IN RE: TONY MABRY

Case No.: 08F03348

---

**Nature of Proceedings:**   PETITION FOR WRIT OF HABEAS CORPUS - <u>ORDER</u>

The petition for writ of habeas corpus has been filed and considered.  It is DENIED.

Petitioner again seeks records of correspondence between the prison Legal Processing Unit and Riverside County, where petitioner was sentenced.  This is the same request as one made in a previous petition that this court transferred to Imperial County, where petitioner is incarcerated.

In criminal cases, a court has inherent power to reconsider its rulings. (*People v. Castello* (1998) 65 Cal.App.4th 1242.)  Code of Civil Procedure §1008(a), which provides that reconsideration requests must be based on "new or different facts, circumstances or law," is directory in criminal cases and indicates that courts must "exercise due caution before modifying, amending or revoking prior orders." (*Id.* at p. 1249.)

Petitioner's request for records is unchanged, and the court has no reason to revise its previous ruling.  As the court has explained, petitioner was neither sentenced by this court nor incarcerated in this county, and venue is proper elsewhere.

DATED: JUNE 30, 2008

HONORABLE HELENA R. GWEON
Judge of the Superior Court of California,
County of Sacramento

Certificate of Service by Mailing attached.

| | | |
|---|---|---|
| BOOK | : | 15 |
| PAGE | : | |
| DATE | : | JUNE 30, 2008 |
| CASE NO. | : | 08F03348 |
| CASE TITLE | : | IN RE: TONY MABRY |

Superior Court of California,
County of Sacramento

BY:  P. MERCADO,
      Deputy Clerk

**Page 1 of 2**

21

E-5

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _TONY MABRY_ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _PETITIONER_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _7-27_ DAY OF: _JULY_ 20 _08_ AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) _Tony Mabry D-90450_
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _TONY MABRY_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON _7-27_ 20 _08_ I SERVED THE FOREGOING: HABEAS CORPUS
20-PAGES/APPENDIX A-1-THRU-4/APPENDIX E-ONE-1A-THRU-5: 5-PAGE IN FORMA
PAUPERIS/4-PAGE RETURN ORDER-6-13-08: 39-PAGES TOTAL:

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

OFFICE OF THE CLERK
880 FRONT ST. SUITE 4290
SAN DIEGO, CA. 92101-8900

"MAIL BOX RULE"        HOUSTON V LACK (SUPRA)

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _7-27-08_

_Tony Mabry_
(DECLARANT/PRISONER)