1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  KATHLEEN R. FREY, State Bar No. 249417
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-3034
     Fax: (619) 645-2581
9    Email: Kathleen.Frey@doj.ca.gov

10 Attorneys for Respondent California Department of
   Corrections and Rehabilitation

11

12                  IN THE UNITED STATES DISTRICT COURT

13              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15

16 | TONY MABRY,                              08-CV-0965 BEN (LSP)

17 |                          Petitioner,     **RESPONDENT'S NOTICE OF
                                              MOTION AND MOTION TO
18 |           v.                             DISMISS**

19 | L.E. SCRIBNER, WARDEN, ET AL.,
                                              Judge:The Honorable Leo S. Papas
20 |                         Respondent.

21

22

23     **TO TONY MABRY, IN PRO PER:**

24     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules

25 Governing § 2254 cases in the United States District Courts, Respondent moves the Court for an

26 order dismissing the above-entitled action on the ground that: (1) Petitioner did not exhaust his

27 state court remedies; (2) Petitioner filed an untimely Petition beyond the one-year statute of

28 limitations;  and (3) the Petition is unsupported by sufficient facts, is vague, conclusory, and

1 unintelligible.  This motion is based on the notice and motion; the supporting memorandum of

2 points and authorities and exhibits; and the pleadings, records, and files in this action.

3         Dated:  August 15, 2008

4                     Respectfully submitted,

5                     EDMUND G. BROWN JR.
                    Attorney General of the State of California

6                     DANE R. GILLETTE
                    Chief Assistant Attorney General

7

8                     JULIE L. GARLAND
                    Senior Assistant Attorney General

9                     JESSICA N. BLONIEN
                    Supervising Deputy Attorney General

10

11                     s/Kathleen R. Frey

12

13                     KATHLEEN R. FREY
                    Deputy Attorney General

14                     Attorneys for Respondent

15

  70133705.wpd

16   SD2008700716

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:    **Mabry v. Scribner**

No.:    **08-CV-0965 BEN (LSP)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 15, 2008, I served the attached **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**Tony Mabry**
**CDC #D-90450**
**Calipatria State Prison**
**P.O. Box 5001**
**Calipatria, CA 92233-5001**

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 15, 2008, at San Diego, California.

|  |  |
|---|---|
| M. Torres-Lopez | *[signature]* |
| Declarant | Signature |

70133707.wpd

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DANE R. GILLETTE
Chief Assistant Attorney General
3  JULIE L. GARLAND
Senior Assistant Attorney General
4  JESSICA N. BLONIEN
Supervising Deputy Attorney General
5  KATHLEEN R. FREY, State Bar No. 249417
Deputy Attorney General
6   110 West A Street, Suite 1100
San Diego, CA 92101
7  P.O. Box 85266
San Diego, CA 92186-5266
8  Telephone: (619) 645-3034
Fax: (619) 645-2581
9  Email: Kathleen.Frey@doj.ca.gov

10  Attorneys for Respondent

11

12           IN THE UNITED STATES DISTRICT COURT

13         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  **TONY MABRY,**                          08-CV-0965 BEN (LSP)

16                          Petitioner,       **MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN
17        v.                                SUPPORT OF DEFENDANTS'
                                            NOTICE OF MOTION TO
18  **L.E. SCRIBNER, WARDEN, ET AL.,**        DISMISS**

19                          Respondent.     Judge:  The Honorable Leo S.
                                                    Papas
20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **INTRODUCTION**

3        This is a federal habeas corpus action brought by Petitioner Tony Mabry, a California state

4    prisoner serving an indeterminate term.  Petitioner appears to challenge the computation of his

5    minimum eligible parole date on this basis that his amended abstract of judgment was forged.

6    (*See generally* Pet.)  This Court should dismiss the Petition because Petitioner failed to exhaust

7    his state court remedies and because the Petition is untimely and is vague, conclusory, and

8    unintelligible.

9    **ARGUMENT**

10   **I.   PETITIONER'S HABEAS PETITION SHOULD BE DISMISSED BECAUSE HE
          FAILED TO EXHAUST STATE COURT REMEDIES BEFORE FILING HIS
11        FEDERAL HABEAS CORPUS PETITION.**

12       The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal

13   petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date.  *Lindh v.*

14   *Murphy*, 521 U.S. 320, 322-323, 326 (1997).  Accordingly, AEDPA applies to this petition.

15       Under AEDPA, a petition for a writ of habeas corpus on behalf of a person in custody

16   pursuant to the judgment of a state court cannot be granted unless the prisoner has exhausted the

17   remedies available in the state courts.  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel,*

18   526 U.S. 838, 844 (1999) (a state inmate must properly exhaust available state court remedies

19   before a federal court may consider granting habeas corpus relief).  If one or more claims in the

20   federal petition have not been exhausted, the district court must dismiss the petition.  *Pliler v.*

21   *Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  This rule

22   provides the state courts a full and fair opportunity to resolve federal constitutional claims before

23   they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement

24   of federal law."  *Rose*, 455 U.S. at 518.

25       It is the petitioner's burden to prove he has exhausted his state court remedies before filing

26   his federal habeas petition.  *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

27   curiam).  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented'

28   his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he

demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986); *Larche v. Simons*, 53 F.3d 1068, 1071-72 (9th Cir. 1995). Finally, a petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Petitioner does not provide any state court case information and specifically indicates that he did not seek review in the California courts. (*See* Pet. at p. 6.) There is no evidence that he presented his claims to the California Supreme Court before seeking federal habeas relief. (*See* Ex. 1, Decl. of Cynthia Lumley, p. 2) Thus, it appears the claims in his Petition are unexhausted.

Further, Petitioner is not precluded from exhausting his state court remedies because he could file a habeas corpus petition in the proper California superior court. Because Petitioner has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), his claims are not properly before this Court and the petition must be dismissed.

## II.     THE PETITION IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS.

AEDPA provides a one-year statute of limitations in which to file a federal habeas petition, which begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

Here, Petitioner appears to challenge the computation of his minimum eligible parole date on the basis that his amended abstract of judgment was forged. Although it is not clear which amended abstract Petitioner challenges as inaccurate and forged, the most recent amended Abstract of Judgment was filed on December 15, 1999. (Ex. 2 - Abstract of Judgment, filed

1  December 15, 1999.)  Petitioner was aware, or should have been aware and could have
2  discovered through due diligence, that his sentence in the Abstract of Judgment was changed to
3  be 25 years to life, plus 17 years in state prison.  (Ex. 2.)  Thus, Petitioner's challenge to his
4  earliest possible parole-date computation based on the amended abstract nine years later is barred
5  by the statute of limitations.

6
7  **III.    THE COURT SHOULD DISMISS THE PETITION BECAUSE PETITIONER'S CLAIMS ARE VAGUE AND UNINTELLIGIBLE.**

8          The allegations raised in the Petition are vague and Petitioner does not sufficiently allege
9  facts to satisfy the federal pleading requirements for writs of habeas corpus established by Rule 2
10  of the Rules Governing Habeas Corpus Cases.  Subsection (c) of Rule 2 requires a petitioner to
11  "state the facts supporting each ground" for relief.  Rule 2(c)(2); 28 U.S.C. § 2254.  A "petitioner
12  is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v.*
13  *Cardwell*, 604 F.2d 1245, 1246, 1247 (9th Cir. 1979) ("Notice pleading is not sufficient, for the
14  petition is expected to state facts that point to a real possibility of constitutional error). "[M]ere
15  conclusionary allegations without the support of facts" are not enough. *Williams v. Field*, 301
16  F.Supp. 902, 904 (C.D. Cal. 1969); *see also Wacht*, 604 F.2d at 1247 n.2 ("Bald assertions and
17  conclusory allegations" are insufficient).  Summary dismissal is appropriate where the allegations
18  in the petition are vague or conclusory. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).
19          From the Petition, Respondent was able to ascertain that Petitioner is challenging the
20  computation of his minimum eligible parole date on the basis that his amended abstract of
21  judgment was forged.  However, Petitioner also asserts several claims which are vague and
22  unintelligible without the provision of supporting facts.  For example, Petitioner alleges that his
23  abstracts of judgment are fraudulent, but he does not specifically allege how each document was
24  forged.  (*See generally* Pet.)  Further, Petitioner claims that Respondent illegally revoked his
25  parole and "paroled" him to another prison, but does not provide facts relating to any parole
26  revocation or prison transfer procedures.  (Pet., at p. 9.)  Petitioner does not provide a basis for
27  his claim that he is entitled to immediate release from prison and does not specify what his
28  proper parole date should be.  These claims are unintelligible and no supporting facts are

1    provided to clarify the claims. Where Petitioner fails to provide facts in support of his

2    contentions, he fails to state a claim and Respondent is unable to provide a response. Therefore,

3    the Petition should be dismissed as vague and conclusory.

4                                    **CONCLUSION**

5          For the foregoing reasons, Respondent respectfully requests the Court dismiss the Petition

6    with prejudice.

7          Dated: August 15, 2008

8                            Respectfully submitted,

9                            EDMUND G. BROWN JR.
                             Attorney General of the State of California
10
                             DANE R. GILLETTE
11                           Chief Assistant Attorney General

12                           JULIE L. GARLAND
                             Senior Assistant Attorney General
13                           JESSICA N. BLONIEN
                             Supervising Deputy Attorney General
14

15                           s/Kathleen R. Frey

16                           KATHLEEN R. FREY
                             Deputy Attorney General
17                           Attorneys for Respondent

18   70132848.wpd
     SD2008700716
19

20

21

22

23

24

25

26

27

28

1

2 <u>**CERTIFICATE OF SERVICE BY U.S. MAIL**</u>

3

4 Case Name:    **Mabry v. Scribner**

5 Case No.:    **08-CV-0965 BEN (LSP)**

6 I declare:

7 I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or

8 older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United

9 States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States

10 Postal Service that same day in the ordinary course of business.

11 On <u>August 15, 2008</u>, I served the following documents:

12 **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

13

14 by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street,

15 Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

16 **Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who

17 therefore require manual noticing):

18 **Tony Mabry**
**CDC #D-90450**

19 **Calipatria State Prison**
**P.O. Box 5001**

20 **Calipatria, CA 92233-5001**

21 In Pro Per

22

23 I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 15, 2008, at San Diego, California.

24

25 _____    M. Torres-Lopez

26 Declarant                              Signature

27 SD2008700716
70133714.wpd

28