UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TONY MABRY, | ) | Civil No. 08-0965-BEN(LSP) |
|---|---|---|
| Petitioner, | ) | REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 11) |
| v. | ) | |
| L. E. SCRIBNER, Warden, | ) | |
| Respondent. | ) | ORDER DENYING PETITIONER'S MOTION FOR TRANSCRIPTS (DOC. # 9) |

Tony Mabry ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, Petitioner's Opposition, and the documents filed therewith, finds that Petitioner is not entitled to the relief requested and recommends that Respondent's Motion to Dismiss be GRANTED.

\\

\\

\\

1

# I

# **PROCEDURAL HISTORY**

On April 17, 1991, Petitioner was convicted of first degree murder (Cal. Penal Code §187) in the Riverside Superior Court. (Petition, Appendix A-2) (hereafter "Pet.", "Pet. App.")

Petitioner appealed his conviction and sentence. On January 6, 1993, Petitioner's conviction was affirmed, but the case was remanded for resentencing. On July 1, 1994, Petitioner's conviction was again affirmed, but the case was remanded for correction of the Abstract of Judgment. On July 13, 1994, an Amended Abstract of Judgment was filed in the Riverside Superior Court. (Pet. App. A3-A4) Petitioner was sentenced to twenty-five years to life in imprisonment. (Pet. App. A3-A4) Petitioner did not appeal his conviction and sentence to the California Supreme Court. (Pet. at 11-15)

On June 3, 1999, Petitioner filed a Petition for Writ of Habeas Corpus in the Riverside County Superior Court. On June 7, 1999, the Petition was denied. (Pet. App. A-3)

On February 4, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the Sacramento Superior Court. On March 28, 2008, the Sacramento Superior Court transferred the Petition to the Imperial County Superior Court.

Petitioner also filed a Petition for Writ of Habeas Corpus in the San Francisco Superior Court. On May 27, 2008, the Petition was denied. (Pet. App. E-4)

Petitioner also filed another Petition for Writ of Habeas Corpus in the Sacramento Superior Court. On June 30, 2008, the Petition was denied. (Pet. App. E-5)

On March 12, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in this Court that contained the same claims as the Petition now before this Court. On April 28, 2008, the Court dismissed the Petition for failure to exhaust state court remedies.

On July 29, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court.

**II.**

**A. Petitioner's Petition is Barred by the Statute of Limitations**

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations, as noted in §2244(d)(1)(A). Petitioner does not address the statute of limitations issue.

The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the current Petition was filed on July 29, 2008, the AEDPA applies to this case.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

1    Direct review of Petitioner's judgment concluded on August 22, 1994, forty days after the
2 period in which to file a Petition for Review in the California Supreme Court.  See 28 U.S.C.
3 §2244(d)(1)(A), Smith v. Duncan 297 F.3d 809, 812 (9th Cir. 2002)    Since direct review of
4 Petitioner's conviction became final on August 22, 1994, Petitioner had until August 22, 1995 to
5 file a timely petition. Patterson v. Stewart 251 F.3d 1243, 1246 (9th Cir. 2001), Miles v. Prunty
6 187 F.3d 1104, 1105 (9th Cir. 1999)

7        The statute of limitations is not tolled from the time a final decision is issued on
8 direct state appeal and the time the first state collateral challenge is filed because there is no case
9 "pending" during that interval.  Nino v. Galaza 183 F.3d 1003 (9th Cir. 1999) cert. denied 529
10 U.S. 1104 (2000)

11     In this case, direct review of Petitioner's conviction and sentence concluded on
12 August 22, 1994.

13     Petitioner did not file any petition for post-conviction relief until June 3, 1999.  From
14 August 22, 1994 to June 3, 1999, **4 years  9 months and 12 days (1746 days) elapsed.**  The
15 statute of limitations was not tolled during this time period because there was no case pending
16 during that interval.

17        Since the statute of limitations was not tolled for over 4 years,  Petitioner failed to
18 file his Petition For Writ of Habeas Corpus with the federal courts within the one-year statute of
19 limitations mandated in 28 U.S.C. §2244(d)(1)(A).

20 **B. Equitable Tolling**

21     The AEDPA's one-year statute of limitations is subject to equitable tolling.  Calderon v.
22 U.S. Dist. Ct. 128 F.3d 1288 (9th Cir. 1997), *overruled on other grounds in* Calderon v. U.S.
23 Dist. Ct. 163 F.3d 530 (9th Cir. 1998)  However, the Ninth Circuit noted that "equitable tolling
24 will not be available in most cases, as extensions of time will only be granted if 'extraordinary
25 circumstances' beyond a prisoner's control make it impossible to file a petition on time."
26 Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)  The court noted that
27 district judges must "take seriously Congress's desire to accelerate the federal habeas process"
28 and "only authorize extensions when this high hurdle is surmounted." Id. at 1289.

  Petitioner claims that there were "extraordinary circumstances," but these circumstances do not appear to address equitable tolling of the statute of limitations. Nevertheless, Petitioner asserts that he exercised due diligence in challenging the execution of his sentence and that "CDCR/Case Analyst...forged legal documents. Example CDCR Case Records analyst <u>paroled</u> Petitioner to another prison by way of forging legal documents." (Pet. at 9)(emphasis in original)

  Further, Petitioner asserts that "CDCR/LPU and state courts (sic) have interfered with (his) state remedies <u>for the past 6 months</u> not allowing Petitioner to obtain all the necessary legal documents to challenge the legality of his detention depriving (him) of an adequate remedy to present claims to court (sic)..."(emphasis added) (Pet. at 8)

  Petitioner does not present any factual support for his forgery allegations. Moreover, the state court rulings to which Petitioner alludes are orders on Petitions for Writ of Habeas Corpus that were transferred to the Imperial County Superior Court or were denied. Petitioner's adverse CDCR/LPU decisions and state court rulings and/or ignorance of the meanings of those decisions do not excuse timely filing of a Petition for Writ of Habeas Corpus in this Court. <u>Raspberry v. Garcia</u> 448 F.3d 1150 (9th Cir. 2006) Further, even if Petitioner is given the benefit of the doubt regarding his allegations that CDCR/LPU and the state courts interfered with his state remedies for the past 6 months, and the Court shortened the 4 year 9 month 11 day period by 6 months, the Petition would still be over 4 years late.

  Even if Petitioner did present factual support showing entitlement to equitable tolling of the statute of limitations, it is unlikely that equitable tolling would apply since Petitioner filed his Petition for Writ of Habeas Corpus with this Court over 4 years past the expiration of the statute of limitations. Without more, the Court cannot equitably toll the statute of limitations. Accordingly, the Court finds that the Petition For Writ of Habeas Corpus filed with this court is untimely.

**C. Petitioner's Claims Are Unexhausted**

  The exhaustion of available state judicial remedies generally is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See <u>Rose v. Lundy</u>, 455

U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Title 28 of the United States Code § 2254(b)(1) provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254(b)(1)

To satisfy the exhaustion requirement a petitioner must first provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his [or her] constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) In addition, the petitioner must have 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim." *Id*. Exhaustion is accomplished if the state's highest court had an opportunity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (1983) (citing Carothers v. Rhay, 594 F.2d 225, 228 [9th Cir. 1979)]. If the claim was not presented to the state's highest court on direct appeal, state collateral remedies must have been exhausted. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986).

Here, Petitioner admits that he did not present his claims to the California Supreme Court. (Pet. at 11-15) Therefore, the claims are unexhausted. Normally, when a petitioner's claims are unexhausted, petitioner is given the options to dismiss his case in order to exhaust his state court remedies, file a supplemental memorandum regarding exhaustion, formally abandon his unexhausted claims and/or file a motion to dismiss his unexhausted claims and stay the proceeding while he returns to state court to exhaust his claims. However, all of these options would be futile for Petitioner. Even if Petitioner was given the options noted above, and he selected one of them, the fact remains that his Petition is barred by the statute of limitations, which cannot be cured by exhausting his unexhausted claims. Therefore, the Court does not give Petitioner the options noted above, finds that the Petition is barred by the statute of limitations and RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

**D. Petitioner's Motion for Transcripts**

On August 11, 2008, Petitioner requested that Respondent provide him with the state court record. However, Petitioner himself provided the Court with the state court records needed to decide Respondent's Amended Motion to Dismiss. Moreover, Petitioner does not identify which parts of the state court record he seeks. Therefore, the Court DENIES Petitioner's Motion for Transcripts.

### III.
### CONCLUSION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that his claims are unexhausted. 28 U.S.C.A. § 2244(d). Further, Petitioner's Motion for Transcripts is DENIED.

Accordingly, **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and the Petition for a Writ of Habeas Corpus be **DENIED** as untimely and unexhausted.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1994). **IT IS ORDERED** that no later than November 17, 2008 , any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed

\\
\\
\\
\\
\\
\\
\\

no later than <u>December 8, 2008</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: October 17, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge