# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MABRY,<br><br>                                   Petitioner,<br><br>                    v.<br><br>L.E. SCRIBNER, Warden,<br><br>                                   Respondent. | Civil No.    08cv965 BEN (LSP)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Tony Mabry has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition").  Magistrate Judge Leo S. Papas issued a Report and Recommendation ("Report"), recommending the Petition be dismissed.  For the reasons that follow, the Report and Recommendation is **ADOPTED**, and the Petition is **DISMISSED**.

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  Thus, the governing statute "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original) ("Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."); *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ).  Mabry has filed Objections.

Because Mabry filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply. *Little v. Crawford*, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). AEDPA imposes a one-year statute of limitations (28 U.S.C. § 2244(d)(1)), an exhaustion requirement (28 U.S.C. § 2254(b)(1)), and a bar for successive petitions (28 U.S.C. § 2244(b)(1)). Each of these requirements presents an obstacle to Mabry's request for habeas relief.

Mabry was convicted of first degree murder in 1993 and sentenced to an indeterminate term of 25 years to life in prison, plus 17 years. The gist of his claim is that the California Department of Corrections is not correctly computing the date for his parole and that it has illegally amended the abstract of judgment for his conviction – most recently on December 15, 1999.

If Mabry is challenging his 1993 sentence, then the Recommendation is correct that the Petition is barred by the statute of limitations. Mabry states in his Objections, however, that he is not challenging his conviction and original sentence. Instead he is challenging the computation and amendment of the documents reflecting his sentence. Even so, with the last amendment of his sentencing documents having occurred in 1999, the current Petition, having been filed nine years later, is barred by the statute of limitations.

Moreover, the Recommendation is correct that Mabry has not yet presented his claim for relief to California's highest court. As a result he has not yet exhausted his state remedies and is not entitled to federal habeas relief. *O'Sullivan v. Boerckel*, 426 U.S. 838, 844 (1999).

Finally, the current Petition is the second petition for relief Mabry has filed this year. Previously, Petitioner raised similar claims in this Court in *Mabry v. Scribner*, Case No. 08cv467 JM (AJB). That Petition was dismissed on April 28, 2008 for failure to exhaust state remedies. He may not present a second or successive petition on similar claims without first obtaining permission from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). In this case, Mabry has not obtained authorization for the filing of this successive Petition and therefore it must be dismissed according to § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under §2254 that was presented in a prior application shall be dismissed."). *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Section 2244 imposes requirements on second or successive habeas petitions).

1       Accordingly, in view of the statute of limitations, the exhaustion requirement, and the

2   successive petition bar, the Objections are overruled and the Report and Recommendation

3   recommending that the Petition for Writ of Habeas Corpus be dismissed is **ADOPTED**.  The

4   Petition is **DISMISSED**.  All other pending motions are denied as moot.  The Clerk shall close the

5   file.

6       **IT IS SO ORDERED**.

7   DATED: November 21, 2008

8                                        ROGER T. BENITEZ
                                     United States District Judge

08cv965